**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

RECEIVED

APR 1 6 2007
APR 16, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

EDDIE PAZ, AKA "YANDY BONILLA",          )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )   Case No.
                                          )
CHICAGO POLICE OFFICER JOHN DOE #1, Individually;   )
CHICAGO POLICE OFFICER JOHN DOE #2, Individually;
CHICAGO POLICE OFFICER JOHN DOE #3, Individually;
CHICAGO POLICE DETECTIVE JOHN DOE #4, Individually;
CHICAGO POLICE DETECTIVE JOHN DOE #5, Individually,

                    Defendants.

07CV2098
JUDGE KENDALL
MAGISTRATE JUDGE COLE

NOW COMES the Plaintiff, EDDIE PAZ, pro se and in his Complaint against the above named Defendants', states as follows:

**COUNT I
(POLICE BRUTALITY vs. JOHN DOE #1)**

1.    That this Count is brought for damages and equitable relief to redress the deprivation of rights secured to Plaintiff by virtue of the 14th Amendment of the United States Constitution.

2.    That this Count is brought under §1983, and jurisdiction is invoked pursuant to 28 U.S.C. §1331.

3.    That venue is proper by virtue of such rules/statutes governing such cause of action presented for review of this Court pursuant to 28 U.S.C. §1391(b).

4.    That at all times relevant herein, the Plaintiff, EDDIE PAZ, was in the custody of the Chicago Police Department, located t 5555 West grand, Chicago, Illinois.

5.    That at all times relevant herein, the Defendant, JOHN DOE #1, was an employed with the Chicago Police Department, and assigned to 5555 West Grand, with the rank of "Blue and White".

6.    That on or about August 22, 2005, Plaintiff was arrested and transported to a police station, located at 5555 West Grand, Chicago, Illinois.

7.    That at all times relevant, and on the above date in question, Plaintiff was placed in a holding cell, and hand-cuffed to a wall.

8.   That at all times relevant, and on the above date in question, Defendant, JOHN DOE #1, and Co-Defendant, JOHN DOE #2, entered aforesaid holding cell.

9.   That at all times relevant, and on the above date in question, Defendant, JOHN DOE #1, and Co-Defendant, JOHN DOE #2, began questioning Plaintiff regarding various "unsolved" crimes.

10.   That at all times relevant, and on the above date in question, Plaintiff refused to admit to any "unsolved" crimes.

11.   That at all times relevant, and on the above date in question, Defendant, JOHN DOE #1, and Co-Defendant, JOHN DOE #2, exited aforesaid holding cell.

12.   That at all times relevant, and on the above date in question, Defendant, JOHN DOE #1, and Co-Defendant, JOHN DOE #@, re-entered aforesaid holding cell, about 2 hours after initially exiting  aforesaid holding cell.

13.   That at all times relevant, and on the above date in question, Defendant, JOHN DOE #1, and Co-Defendant, JOHN DOE #2, began requesting Plaintiff about aforesaid "unsolved" crimes.

14.   That at all times relevant, and on the above date in question, Plaintiff again refused to admit to any "unsolved" crimes.

15.   That at all times relevant, and on the above date in question, Defendant, JOHN DOE #1, physically assaulted Plaintiff about the head and face, as a direct result of Plaintiff's refusal to admit to aforesaid "unsolved" crimes.

16.   That at all times relevant, and on the above date in question, Defendant, JOHN DOE #1, and Co-Defendant, JOHN DOE #2, exited aforesaid holding cell, after physically assaulting Plaintiff for about 20 minutes.

17.   That at all times relevant, and on the above date in question, Defendant, JOHN DOE #1, and Co-Defendant(s), JOHN DOE #2, and JOHN DOE #4, re-entered aforesaid holding cell, that being about 30 minutes after exiting aforesaid holding cell after Plaintiff had been physically assaulted.

18. That at all times relevant, and on the above date in question, Plaintiff was unhand-cuffed from aforesaid wall.

19. That at all times relevant, and on the above date in question, Plaintiff was asked to stand up, where subsequently he was rehand-cuffed behind his back.

20. That at all times relevant, and on the above date in question, Plaintiff was transported "upstairs", and placed into another holding cell.

21. That at all times relevant, and on the above date in question, Plaintiff was again hand-cuffed to a wall.

22. That at all times relevant, and on the police brutality issue in question, the Defendant, JOHN DOE #1, owed a duty to provide Plaintiff with a safe "non-violent" environment.

23. That, notwithstanding that duty, the Defendant, JOHN DOE #1, was then and there guilty of the following acts and/or omissions:

> A) Failed to follow established police procedure, when intervieing/interrogating a suspect, and
>
> B) Acted in such a manned as to cause serious physical injuries to Plaintiff

24. That as a direct and proximate result of one or more acts and/or omissions of the Defendant, JOHN DOE #1, Plaintiff, EDDIE PAZ, sustained severe and permanent physical injuries, which injuries have caused him severe pain and will continue in the future to cause him pain and suffering; wherefore, Plaintiff is unable to attend to daily tasks and he continues to be unable to attend to daily tasks following the aforesaid injuries; wherefore, Plaintiff will in the future be unable to pursue his business employment and occupation in the same manner and to the same extent as he would have had he not been injured as aforesaid; wherefore, aforesaid injuries continually cause Plaintiff to suffer serious emotional distress, and loss of sleep.

WHEREFORE, the Plaintiff, EDDIE PAZ, prays that a judgment be entered against the Defendant, JOHN DOE #1, finding the acts and practices complained herein constitutes cruel and unusual punishment in violation of the 14th Amendment, thereby depriving Plaintiff of such constitutional rights; awarding Plaintiff monetary damages; awarding Plaintiff compensatory damages; awarding Plaintiff punitive damages; together with his reasonable

costs and legal fee's in this action, and granting Plaintiff such and further relief this Court deems necessary and proper.

### COUNT II
### (POLICE BRUTALITY vs. JOHN DOE #2)

1.    That this Count is brought for damages and equitable relief to redress the deprivation of rights secured to Plaintiff by virtue of the 14th Amendment of the United States Constitution.

2.    That this Count is brought under §1983, and jurisdiction is invoked pursuant to 28 U.S.C. §1331.

3.    That venue is proper by virtue of such rules/statutes governing such cause of action presented for review of this Court pursuant to 28 U.S.C. §1391(b).

4.    That at all times relevant herein, the Plaintiff, EDDIE PAZ, was in the custody of the Chicago Police Department, located at 5555 West Grand, Chicago, Illinois.

5.    That at all times relevant herein, the Defendant, JOHN DOE #2, was an employee with the Chicago Police Department, and assigned to 5555 West Grand, with the rank of "Blue and White".

6.    That on or about August 22, 2005, Plaintiff was arrested and transported to a police station, located at 5555 West Grand, Chicago, Illinois.

7.    That at all times relevant, and on the above date in question, Plaintiff was placed in a holding cell, and hand-cuffed to a wall.

8.    That at all times relevant, and on the above date in question, Defendant, JOHN DOE #2,, and Co-Defendant, JOHN DOE #1, entered aforesaid holding cell.

9.    That at all times relevant, and on the above date in question, Defendant, JOHN DOE #2, and Co-Defendant, JOHN DOE #1, began questioning Plaintiff regarding various "unsolved" crimes.

10.    That at all times relevant, and on the above date in question, Plaintiff refused to admit to any "unsolved" crimes.

11.    That at all times relevant, and on the above date in question, Defendant, JOHN DOE #2, and Co-Defendant, JOHN DOE #1, exited aforesaid holding cell.

12. ... at all times relevant, and on the above date in question, Defendant, JOHN

12.  That at all times relevant, and on the above date in question, Defendant, JOHN DOE #2, and Co-Defendant, JOHN DOE #1, re-entered aforesaid holding cell, about two hours after initially exiting aforesaid holding cell.

13.  That at all times relevant, and on the above date in question, Defendant, JOHN DOE #2, and Co-Defendant, JOHN DOE #1, began to r-question Plaintiff about aforesaid "unsolved" crimes.

14.  That at all times relevant, and on the above date in question, Plaintiff again refused to admit to any "unsolved" crimes.

15.  That at all times relevant, and on the above date in question, Defendant, JOHN DOE #2, physically assaulted Plaintiff about the head and face, as a direct result of Plaintiff's refusal to admit to aforesaid "unsolved" crimes.

16.  That at all times relevant, and on the above date in question, Defendant, JOHN DOE #2, and Co-Defendant, JOHN DOE #1, exited aforesaid hooding cell, after physically assaulting Plaintiff for about 20 minutes.

17.  That at all times relevant, and on the above date in question, Defendant, JOHN DOE #2, and Co-Defendant(s), JOHN DOE #1, and JOHN DO #4, re-entered aforesaid holding cell, that being about 30 minutes after exiting aforesaid holding cell after Plaintiff had been physically assaulted.

18.  That at all times relevant, and on the above date in question, Plaintiff was unhand-cuffed from aforesaid wall.

19.  That at all times relevant, and on the above date in question, Plaintiff was asked to stand up, where he was subsequently rehand-cuffed behind his back.

20.  That at all times relevant, and on the above date in question, Plaintiff was transported "upstairs", and placed into another holding cell.

21.  That at all times relevant, and on the above date in question, Plaintiff was again hand-cuffed to a wall.

22.  That at all times relevant, and on the police brutality issue in question, the Defendant, JOHN DOE #2, owed a duty to provide Plaintiff with a safe "non-violent" environment.

5

23. That, notwithstanding that duty, the Defendant, JOHN DOE #2, was then and there guilty of the following acts and/or omissions:

> A) Failed to follow established police procedure, when interviewing/interrogating a suspect; and
>
> B) Acted in such a manner as to cause serious physical enjuries to Plaintiff.

24. That as a direct and proximate result of one or more of acts and/or omissions of the Defendant, JOHN DOE #2, Plaintiff, EDDIE PAZ, sustained severe and permanent physical injuries, which injuries have caused him severe pain and will continue in the future to cause him pain and suffering; wherefore, Plaintiff is unable to attend to daily tasks and he continues to be unable to attend to daily tasks following the aforesaid injuries; wherefore, Plaintiff will in the future be unable to pursue his business employment and occupation in the same manner and to the same extent as he would have had he not been injuried as aforesaid; wherefore, aforesaid injuries continually cause Plaintiff to suffer serious emotional distress, and loss of sleep.

WHEREFORE, the Plaintiff, EDDIE PAZ, prays that a judgment be entered against the Defendant, JOHN DOE #2, finding the acts and practices complained herein constitutes cruel and unusual punishment in violation of the 14th Amendment, thereby depriving Plaintiff of such constitutional rights; awarding Plaintiff monetary damages; awarding Plaintiff compensatory damages; awarding Plaintiff punitive damages; together with his reasonable costs and legal fee's in this action, and granting Plaintiff such and further relief this Court deems necessary and proper.

## COUNT III
### (POLICE BRUTALITY vs. JOHN DOE #3)

1. That this Count is brought for damages and equitable relief to redress the deprivation of rights secured to Plaintiff by virtue of the 14th Amendment of the United States Constitution.

2. That this Count is brought under §1983, and jurisdiction is invoked pursuant to 28 U.S.C. §1331.

3. That venue is proper by virtue of such rules/statutes governing such cause of action presented for review of this Court pursuant to 28 U.S.C. §1391(b).

4.    That at all times relevant herein, the Plaintiff, EDDIE PAZ, was in the custody of the Chicago Police department, located at 5555 West Grand, Chicago, Illinois.

5.    That at all times relevant herein, the Defendant, JOHN DOE #3, was an employee with the Chicago Police Department, and assigned to 555 West Grand, with the rank of "Blue and White".

6.    That at all times relevant herein, and on or about August 22, 2005, Plaintiff was arrested and transported to a police station, located at 5555 West Grand, Chicago, Illinois.

7.    That at all times relevant, and on the above date in question, Plaintiff was placed in a holding cell, and hand-cuffed to a wall.

8.    That at all times relevant, and on the above date in question, Plaintiff was subsequently "booked", and placed in another holding cell.

9.    That at all times relevant, and on the above date in question, Defendant, JOHN DOE $3, and Co-Defendant, JOHN DOE #5, entered aforesaid holding cell.

10.    That at all times relevant, and on the above date in question, Plaintiff was removed form aforesaid holding cell, and transported to another hooding cell without hand-cuffs.

11.    That at all times relevant, and on the above date in question, the Defendant, JOHN DOE #3, and Co-Defendant, JOHN DOE #5, physically assaulted Plaintiff about the head area, in such a manner as to cause Plaintiff to become "unconscious", and go into a "seizure".

12.    That at all times relevant, and on the above date in question, Plaintiff was transferred to Our Lady Of resurrection Hospital, located in Chicago, Illinois.

13.    That at all times relevant, and on the above date in question, an attending physician employed with aforesaid hospital examined Plaintiff, subsequently ordering various X-Rays to determine the 'extent" of Plaintiff's injuries.

14.    That at all times relevant, and on the above date in question, Plaintiff was subsequently transferred to Provident Hospital, for further examination and treatment.

15.  That at all times relevant, and on the above date in question, Plaintiff was diagnosed with having sustained the following injuries directly resulting from aforesaid physical assault[s], that being:

> A) Two Broken Vertebrates;
>
> B) Bruised Ribs;
>
> C) Swollen Ribs; and
>
> D) Partial Loss Of Upper Inner Lip

16.  That at all times relevant, and on the police brutality issue in question, the Defendant, JOHN DOE #3, owed a duty to provide Plaintiff with a safe "non-violent" environment.

17.  That, notwithstanding that duty, the Defendant, JOHN DOE #3, was then and there guilty of the following acts and/or omissions:

> A) Failed to follow established police procedure, when interviewing/interrogating a suspect; and
>
> B) Acted in such a manner as to cause serious physical injuries to Plaintiff.

18.  That as a direct and proximate result of one or more of acts and/or omissions of the Defendant, JOHN DOE #3, Plaintiff, EDDIE PAZ, sustained severe and permanent physical injuries, which injuries have caused him severe pain and will continue in the future to cause him pain and suffering; wherefore, Plaintiff is unable to attend to daily tasks and he continues to be unable to attend to daily tasks following the aforesaid injuries; wherefore, Plaintiff will in the future be unable to pursue his business employment and occupation in the same manner and to the same extent as he would have had he not been injuried as aforesaid; wherefore, aforesaid injuries continually cause Plaintiff to suffer serious emotional distress, and loss of sleep.

WHEREFORE, the Plaintiff, EDDIE PAZ, prays that a judgment be entered against the Defendant, JOHN DOE#3, finding the acts and practices complained herein constitutes cruel and unusual punishment in violation of the 14th Amendment, thereby depriving Plaintiff of such constitutional rights, awarding Plaintiff monetary damages; awarding Plaintiff compensatory damages; awarding Plaintiff punitive damages; together with his reasonable costs and legal fee's in this action, and granting Plaintiff such and further relief this Court deems necessary and proper.

8

## COUNT IV
### (POLICE BRUTALITY vs. JOHN DOE #4)

1. That this Count is brought for damages and equitable relief to redress the deprivation of rights secured to Plaintiff by virtue of the 14th Amendment of the United States Constitution.

2. That this Count is brought under §1983, and jurisdiction is invoked pursuant to 28 U.S.C. §1331.

3. That venue is proper by virtue of such rules/statues governing such cause of action presented for review of this Court pursuant to 28 U.S.C. §1391(b).

4. That at all time relevant herein, the Plaintiff, EDDIE PAZ, was in the custody of the Chicago Police Department, located at 5555 West grand, Chicago, Illinois.

5. That at all times relevant herein, the Defendant, JOHN DOE $4, was an employee with the Chicago Police Department, and assigned to 5555 West Grand, Chicago, Illinois.

6. That at all times relevant herein, and on or about August 22, 2005, Plaintiff was arrested and transported to a police station , located at 5555 West Grand, Chicago, Illinois.

7. That at all times relevant, and on the above date in question, Plaintiff was placed in a holding cell, and hand-cuffed to a wall.

8 That at all times relevant, and on the above date in question, Defendant, JOHN DOE #4, and Co-Defendant(s), JOHN DOE #1 and JOHN DOE #2, entered aforesaid holding cell.

9. That at all times relevant, and on the above date in question, Plaintiff was unhand-cuffed from aforesaid wall.

10. That at al times relevant, and on the above date in question, Plaintiff was transported "upstairs", and placed into another holding cell.

11. That at all times relevant, and on the above date in question, Plaintiff was again hand-cuffed to a wall.

12. That at all times relevant, and on the above date in question, the Defendant, JOHN DOE #4, re-questioned Plaintiff about "unsolved" crimes.

13. That at all times relevant, and on the above date in question, Plaintiff refused to admit to aforesaid "unsolved" crimes.

14. That at all times relevant, and on the above date in question, the Defendant, JOHN DOE #4, physically assaulted Plaintiff about the head and face.

15. That at all time relevant, and on the above date in question, Plaintiff was left hand-cuffed to aforesaid wall for 8 hours.

16. That at all times relevant, and on the above date in question, Plaintiff received no medical attention while at the Police Station.

17. That at all times relevant, and on the above date in question, the Defendant, JOHN DOE #4, re-entered aforesaid holding cell.

18. That at all times relevant, and on the above date in question, the Defendant, JOHN DOE #4, transported Plaintiff to the "lock up" area at aforesaid Police Station.

19. That at all times relevant, and on the above date in question, Plaintiff was subsequently "booked', and placed in a holding cell.

20. That at all times relevant, and on the police brutality issue in question, the Defendant, JOHN DOE #4, owed a duty to provide Plaintiff with a safe "non-violent" environment.

21. That, notwithstanding that duty, the Defendant, JOHN DOE #4, was then and there guilty of the following acts/and or omissions:

        A) Failed to follow established police procedure, when interviewing/interrogating a suspect; and

        B) Acted in such a manner as to cause serious physical injuries to Plaintiff.

22. That as a direct and proximate result of one or more acts and/or omissions of the Defendant, JOHN DOE #4, Plaintiff, EDDIE PAZ, sustained severe and permanent physical injuries, which injuries have caused him severe pain and will continue in the future to cause him pain and suffering; wherefore, Plaintiff is unable to attend to daily task and he continues to be unable to attend to daily tasks following the aforesaid injuries; wherefore, Plaintiff will in the future be unable to pursue his business employment and occupation in the same manner and to the same extent as he would have had he not been injuried as aforesaid; wherefore, aforesaid injuries continually cause Plaintiff to suffer serious emotional distress, and loss of sleep.

WHEREFORE, the Plaintiff, EDDIE PAZ, prays that a judgment ne entered against the Defendant, JOHN DOE #4, finding the acts and practices complained herein constitutes cruel and unusual punishment in violation of the 14th Amendment, thereby depriving Plaintiff of such constitutional rights, awarding Plaintiff monetary damages; awarding Plaintiff compensatory damages; awarding Plaintiff punitive damages; together with his reasonable costs and legal fee's in this action, and granting Plaintiff such and further relief this Court deems necessary and proper.

## COUNT V
### (POLICE BRUTALITY vs. JOHN DOE #5)

1. That this Count is brought for damages and equitable relief to redress the deprivation off rights secured to Plaintiff by virtue of the 14th Amendment of the United States Constitution.

2. That this Count is brought under §1983, and jurisdiction is invoked pursuant to 28 U.S.C. §1331.

3. That venue is proper by virtue of such ruled/statutes governing such cause of action presented for review of this Court pursuant to 28 U.S.C. §1391(b).

4. That at all times relevant herein, the Plaintiff, EDDIE PAZ, was in the custody of the Chicago Police Department, located at 5555 West Grand, Chicago, Illinois.

5. That at all times relevant herein, the Defendant, JOHN DOE #5, was an employee of the Chicago Police Department, and assigned to 5555 West Grand, with the rank of "Detective".

6. That at all times relevant herein,,and on or about August 22, 2005, Plaintiff was arrested and transported to a police station, located at 5555 West Grand, Chicago, Illinois.

7. That at all times relevant, and on the above date in question, Plaintiff was placed in a holding cell, and hand-cuffed to a wall.

8. That at all times relevant, and on the above date in question, Plaintiff was subsequently "booked' and placed in another holding cell.

9. That at all times relevant, and on the above date in question, Defendant, JOHN DOE #5, and Co-Defendant, JOHN DOE #3, entered aforesaid holding cell.

10. That at all times relevant, and on the above date in question, Plaintiff was removed from aforesaid holding cell, and transported to another holding cell without hand-cuffs.

11. That at all times relevant, and on the above date in question, the Defendant, JOHN DOE #5, and Co-Defendant, JOHN DOE #3, physically assaulted Plaintiff about the head area, in such a manner at to cause Plaintiff to become "unconscious", and go into a "seizure".

12. That at all times relevant, and on the above date in question, Plaintiff was transferred to Our Lady Of Resurrection Hospital, located in Chicago, Illinois.

13. That at all times relevant, and on the above date in question, an attending physician employed with aforesaid hospital examined Plaintiff, subsequently odering various X-Rays to determine the "extent" of Plaintiff's injuries.

14. That at all times relevant, and on the above date in question, Plaintiff was subsequently transferred to Provident Hospital, for further examination and treatment.

15. That at all times relevant, and on the above date in question, Plaintiff was diagnosed with having sustained the following injuries directly resulting from aforesaid physical assault[s], that being:

        A) Two Broken Vertebrates;

        B) Bruised Ribs;

        C) Swollen Ribs; and

        D) Partial Loss Of Upper Inner Lip

16. That at all times relevant, and on the police brutality issue in question, the Defendant, JOHN DOE #5, owed a duty to provide Plaintiff with a safe "non-violent" environment.

17, That, notwithstanding that duty, the Defendant, JOHN DOE #5, was then and there guilty of the following acts and/or omissions:

        A) Failed to follow established police procedure,
           when interviewing/interrogating a suspect; and

        B) Acted in such a manner as to cause serious
           physical injuries to Plaintiff.

12

18. That as a direct and proximate result of one or more acts and/or omissions of the Defendant, JOHN DOE #5, Plaintiff, EDDIE PAZ, sustained severe and permanent physical injuries, which injuries have cause him severe pain and will continue in the future to cause him pain and suffering; wherefore, Plaintiff is unable to attend to daily tasks and he continues to be unable to attend to daily task following aforesaid injuries; wherefore, Plaintiff will in the future be unable to pursue his business employment and occupation in the same manner and to the same extent as he would have had he not been injuried as aforesaid; wherefore, aforesaid injuries continually cause Plaintiff to suffer serious emotional distress, and loss of sleep.

WHEREFORE, the Plaintiff, EDDIE PAZ, prays that a judgement be entered against the Defendant, JOHN DOE #5, finding the acts and practices complained herein constitutes cruel and unusual punishment in violation of the 14th Amendment, thereby depriving Plaintiff of such constitutional rights; awarding Plaintiff monetary damages; awarding Plaintiff compensatory damages; awarding Plaintiff punitive damages; together with his reasonable costs and legal fee's in this action, and granting Plaintiff such and further relief this Court deems necessary and proper.

## PREVIOUS LAWSUITS FILED BY PLAINTIFF

1. Plaintiff has previously filed this action in this Court, wherefore such action was dismissed for failure to file a proper application to proceed In Forma Pauperis.

2. That at all times relevant herein, Plaintiff has not filed any additional lawsuits, other than the aforesaid mentioned dismissed action.

Respectfully submitted,

Eddie Paz,
A-K-A Yanoy Bonilla
Pro Se Plaintiff
N91203
P.O. Box 1000
Lincoln, IL 62656

## PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS

13