**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDDIE PAZ, ) | |
| ) | No.   07 C 2098 |
| Plaintiff, ) | |
| ) | JUDGE KENDALL |
| v. ) | |
| ) | |
| CITY OF CHICAGO, and UNKNOWN ) | |
| CHICAGO POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, for its answer, defenses, and jury demand to plaintiff's amended complaint, states:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

   **ANSWER:** The City admits the allegations contained in this paragraph.

2. Plaintiff Eddie Paz is a resident of the Northern District of Illinois.

   **ANSWER:** The City lacks knowledge or information sufficient to form a belief as to whether the Plaintiff resides in this judicial district.

3. Defendant is the City of Chicago.

   **ANSWER:** The City admits that it is one of the Defendants in this matter.

4. Plaintiff was arrested by Chicago police officers on or about August 22, 2005. Plaintiff does not challenge the legality of the arrest in this action.

   **ANSWER:** The City admits the allegations contained in this paragraph.

5. Following his arrest, and before plaintiff's initial appearance before a judicial officer,

several Chicago police officers, whose names are presently unknown to plaintiff, interrogated plaintiff.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

6. In the course of the above referred interrogation, one or more of the officers used excessive and unreasonable force against plaintiff, causing him to be deprived of rights secured by the Fourth Amendment to the Constitution of the United States.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7. Plaintiff filed this action *pro se* on April 17, 2007.

**ANSWER:** The City denies the allegations contained in this paragraph.

8. On May 1, 2007, the district court in this action appointed counsel to represent plaintiff.

**ANSWER:** The City admits the allegations contained in this paragraph.

9. On June 7, 2007, appointed counsel sought leave to withdraw on the grounds that his firm represented the City of Chicago and that the City had advised him that "the potential conflict is not one that may be waived."

**ANSWER:** The City admits, on information and belief based upon a pleading filed in this action, that on June 7, 2007, Michael S. Ferrell sought leave to withdraw as court-appointed counsel. The City denies the remaining allegations of this paragraph.

10. On June 12, 2007, the district court appointed another attorney to represent plaintiff; on June 29, 2007, this attorney sought leave to withdraw because he was a member of a firm which represented the City of Chicago.

**ANSWER:** The City admits, on information and belief based upon a pleading filed in this action, that on June 12, 2007 Jonathan D. King appointed to represent plaintiff and on June 29, 2007 sought leave to withdraw as court-appointed counsel. The City lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

11. The City of Chicago appears to have a policy that bars law firms which represent the City from establishing an "ethical wall" of the sort approved by the Seventh Circuit in *Cromley v. Board of Education of Lockport Township High School District 205*, 17 F.3d 1059, 1065 (7th Cir. 1994). Instead, the City appears to insist that law firms which represent the City flatly refuse to permit employees or partners of the law firm from accepting appointments in any case in which an employee of the City of Chicago may be a defendant.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12. As a result of this policy, Plaintiff was unable to identify and sue the individual officers referred to in his original complaint within two years of the violation of his Fourth Amendment rights.

**ANSWER:** The City denies the allegations contained in this paragraph.

13. The district court appointed new counsel for Plaintiff on January 8, 2008. Counsel promptly initiated discovery from the City of Chicago to identify the individual police officers.

**ANSWER:** The City admits, on information and belief based upon a pleading filed in this action, that new counsel was appointed for Plaintiff on January 8, 2008. The City denies the remaining allegations of this paragraph.

14. The City of Chicago declined to respond to Plaintiff's discovery requests and on March 25, 2008, obtained an additional 14 days in which to identify the officers involved in the interrogation of Plaintiff.

**ANSWER:** The City admits that on March 25, 2008 its motion to strike Plaintiff's filing was granted in part and it was ordered to answer an amended complaint, which this Court ordered to be filed forthwith, by April 24, 2008. The City denies the remaining allegations of this paragraph.

15. CLAIM I: Plaintiff was deprived of rights secured by the Fourth Amendment to the constitution of the United States by the actions of the officers referred to in Plaintiff's *pro se* complaint.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the

3

truth of the allegations of this paragraph.

16. CLAIM II: As the indemnifier of its police officers under Illinois law, the City of Chicago is liable for the constitutional wrongdoing caused by the officers referred to in Plaintiff's *pro se* Complaint.

**ANSWER:** The City states that this paragraph contains a vague, incomplete, or incorrect statement of the nature of the City's liability under Illinois law and therefore this allegation is denied.

17. CLAIM III: If any defendant prevails on a statute of limitations defense, Plaintiff will have been deprived of property without due process of law, contrary to rights secured by the Fourteenth Amendment to the Constitution of the United States as a result of the City's above referred policy.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

**WHEREFORE**, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

2. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

3. Defendant City is not liable for any injury caused by the act or omission of another

person. 745 ILCS 10/2-204 (2006).

4. Defendant City is not liable for injury proximately caused by the failure of an employee to take reasonable action to furnish or obtain medical care. 745 ILCS 10/4-105 (2006).

5. To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

6. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

7. Under state law, the City is not liable for conduct committed by employees not acting within the scope of their employment. Wright v. City of Danville, 174 Ill.2d 392, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

8. Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not liable under Section 1983 for its employees' misconduct.

**JURY DEMAND**

The Defendant, City of Chicago, requests a trial by jury.

                                                 Respectfully submitted,
                                                 MARA S. GEORGES,

                    Corporation Counsel, City of Chicago

          By:    **_/s/ Megan K. McGrath_**
                    Megan K. McGrath
                    Melanie Patrick Neely
                    Assistants Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 742-3541/4-5114
Attorney No. 06288408